## William C. Boldt, Appellee, v. American Bottle Company, Appellant.

### Gen. No. 6,361.   (Not to be reported in full.)

Appeal from the Circuit Court of La Salle county; the Hon. JOE A. DAVIS, Judge, presiding. Heard in this court at the April term, 1917. Affirmed. Opinion filed October 16, 1917. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by William C. Boldt, plaintiff, against American Bottle Company, defendant, to recover damages for personal injuries sustained by plaintiff while in defendant's employ. From a judgment for plaintiff for $2,700, defendant appeals.

ARTHUR H. SHAY, for appellant.

BROWNE & WILEY and BUTTERS & CLARK, for appellee.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

### Abstract of the Decision.

1.  MASTER AND SERVANT, § 701*—*when evidence shows that negligence of plaintiff's fellow-servant is proximate cause of injury.* Evidence *held* sufficient to warrant the finding that the negligence of plaintiff's fellow workman in failing to hold up a certain lehr or conveyor in defendant's bottle factory while plaintiff was hammering at the drift pin in repairing the lehr, by reason whereof plaintiff's hammer was so deflected as to strike and injure him, was the proximate cause of the injury.

2.  WORKMEN'S COMPENSATION ACT, § 2*—*what is effect of rejection of.* Plaintiff's right of recovery for injuries sustained while employed by defendant was not affected by any question of assumed risk or contributory negligence or by the fact that the negligence

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

which caused the injury was the negligence of a fellow-servant, where defendant had rejected the Workmen's Compensation Act.

3. APPEAL AND ERROR, § 1238*—*when defendant may not complain as to variance.* Defendant was not in position to question the sufficiency of plaintiff's proof in support of his allegation that defendant had rejected the Workmen's Compensation Act, where defendant in its asked and given instruction had admitted it was not working under that act and it was not liable to its employees for injuries suffered in the course of their employment unless such injuries were caused by its negligence.

4. DAMAGES, § 141*—*when not excessive.* A verdict for $2,700 was not excessive where the injuries received resulted in permanent loss of plaintiff's left eye.